IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ANTHONY BARONE, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br>-against-<br><br>**LAZ PARKING LTD, LLC,**<br><br>Defendant. | Case No. 2:17-cv-01545-VLB<br><br>**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>April 19, 2018 |

Plaintiff Anthony Barone ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff arising out of hours worked in his salary-paid assistant manager ("AM") positions, and for other current and former employees working in similar, though differently titled, salary-paid, assistant manager positions (including but not limited to Assistant Manager, Assistant Garage Manager, Assistant Facility Manager, Assistant Property Manager, Assistant Project Manager, etc.) ("AMs"), who worked more than 40 hours as an AM in any workweek at any of Defendant's locations in the United States, for which workweek within the period beginning three years before the filing date of

1

this Complaint and ending on the date of judgment (the "relevant period"), who join this action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## THE PARTIES

2. Plaintiff Anthony Barone ("Plaintiff") is a resident of Pennsylvania.

3. According to its corporate filings with the Connecticut Secretary of State, LAZ Parking Ltd, LLC ("Defendant") is a domestic Connecticut corporation with its principal place of business at 15 Lewis Street, Hartford, CT 06103, and may be served with process on its registered agent, Glenn T. Terk, Esq., 15 Lewis St, Hartford, CT 06103, all within this judicial district.

4. As stated in Defendant's website listing "LAZ Parking Fast Facts," Defendant operates 2,600 locations in 28 states and 338 cities, and has 10,700 employees.

5. Plaintiff worked for Defendant as a salaried AM, beginning from the time he transitioned from an hourly paid Supervisor position, in or about January, 2016, through the time of his transfer back to an hourly paid position, in or about July, 2016 (the "period of AM employment").

6. Plaintiff worked for Defendant as an AM in multiple locations operated by Defendant in Philadelphia, Pennsylvania.

7. Plaintiff frequently worked over 40 hours in a workweek during his period of AM employment, and received one or more paychecks on the regularly

scheduled pay dates for such workweeks that did not contain overtime premiums. An example of one such week in which Plaintiff did not receive a proper overtime premium payment is March 14, 2016.

8. Plaintiff is a covered employee under the FLSA.

9. Defendant was, at all times during the relevant period through the date of this Complaint, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person.

10. During the relevant period through the date of this Complaint, Defendant had annual gross revenues in excess of $500,000.

11. Plaintiff and other similar situated AMs were individually engaged in commerce and engaged in the production of goods for commerce on a regular and recurring basis during their employment with Defendant.

12. Defendant was Plaintiff's employer, and an enterprise, under the FLSA.

## **JURISDICTION & VENUE**

13. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant is incorporated, domiciled, and maintains its corporate headquarters in this judicial district.

15. Defendant is subject to personal jurisdiction in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims individually and as a collective action on behalf of all persons who are currently, or formerly, employed by Defendant as AMs, at any time during the relevant period (the "Collective Action Members").

17. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated AMs.

18. There are many similarly situated current and former AMs who have not been paid overtime premiums for all hours worked over 40 in a workweek, in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

19. The similarly situated Collective Action Members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## STATEMENT OF FACTS

20. Defendant employed Plaintiff, and the Collective Action Members, as AMs during the relevant period.

21. Defendant maintained control, oversight, and discretion over the operation of its locations and employees, including its employment practices with respect to the AMs and the payment of compensation to the AMs.

22. Plaintiff's and the AMs' work was performed in the normal course of Defendant's business and was integrated into it.

23. Consistent with the Defendant's policy, pattern, and practice, Plaintiff and AMs worked over 40 hours in one or more workweeks, but Plaintiff and AMs did not receive overtime premiums on regularly scheduled pay dates within the relevant period, for hours worked as AMs in excess of 40 in those workweeks.

24. All of the work that the Plaintiff and the AMs performed was assigned by Defendant, and Defendant was aware of all of the work that they performed.

25. The work that Plaintiff and the AMs performed as part of their primary duty required little skill and no capital investment.

26. The work that Plaintiff and the AMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

27. Regardless of the location at which they worked, Plaintiff's and the AMs' primary job duties involved parking the customers' cars and other customer service that constitutes Defendant's marketplace offerings.

28. Regardless of the location at which they worked, Plaintiff's and the AMs' primary job duties did not include exercising meaningful independent judgment and discretion.

29. Pursuant to a centralized, company-wide policy, pattern and practice, Defendant classified, and paid all of its AMs, as exempt from the overtime compensation requirements of the FLSA and state overtime laws.

30. Upon information and belief, Defendant did not perform a person-by-person analysis of the AMs' job duties when making the decision to classify all the AMs (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

31. Defendant's conduct alleged herein was willful or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by not paying overtime premiums to its AMs. Defendant knew that AMs were not performing work that complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiff in his

6

AM position and other similarly situated AMs, as non-exempt employees.

32. During the relevant period, Defendant was aware, or should have been aware, through its management-level employees, that Plaintiff and the other similarly situated AMs, were primarily performing non-exempt duties.

33. During the relevant period, Defendant knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

34. Accordingly, Defendant's unlawful conduct was willful or in reckless disregard of the applicable wage and hour laws, and undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by not paying overtime premiums to AMs.

35. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA with respect to AMs. This policy, pattern and practice includes but it is not limited to:

    a. willfully misclassifying Plaintiff and the Collective Action Members as exempt from the requirements of the FLSA;

    b.    willfully failing to pay Plaintiff, and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week;

    c.    requiring Plaintiff, the Collective Action Members to perform primarily non-exempt tasks; and

    d.    willfully failing to provide enough money in its location-related labor budgets for its employees, classified as "non-exempt," to perform their duties and responsibilities, forcing its Ams, classified as "exempt," to perform those employees' non-exempt tasks.

36.    Defendant's willful violations of the FLSA are further demonstrated by the fact that during the relevant period, Defendant failed to maintain accurate and sufficient time records of work start and stop times for Plaintiff, and the Collective Action Members.

37.    Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and practice that did not record all hours worked by Plaintiff and the Collective Action Members during the relevant period.

## FIRST CAUSE OF ACTION
**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff and the FLSA Collective**

38. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. Defendant is subject to the overtime compensation provisions of the FLSA.

40. At all relevant times, Defendant employed Plaintiff, and employed, or continues to employ, each of the similarly situated Collective Action Members, within the meaning of the FLSA.

41. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

42. Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the consent previously filed on September 26, 2017.  (Dkt. No. 17).

43. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

44. During the relevant period and continuing to the present, Defendant had a policy and practice of not paying overtime premiums to Plaintiff and its AMs (and similarly-situated employees in comparable Assistant Manager positions but holding different titles), for hours worked in excess of 40 hours per workweek.

45.     As a result of Defendant's willful failure to compensate its AMs, including Plaintiff and the similarly situated Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated, and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46.     As a result of Defendant's willful failure to record, report, credit and compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

47.     As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its parking operation locations, Defendant knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

48.     Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the primary job duties of Plaintiff and the Collective Action Members, Defendant's actual knowledge, through its managerial employees/agents, that the primary

duties of the Plaintiff and the Collective Action Members were manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' primary job duties to ensure that they were primarily performing exempt job duties, and Defendant's instituting a policy and practice that did not record all hours worked by Plaintiff and the Collective Action Members, Defendant knew or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

49.     As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled (a) to recover from Defendant unpaid overtime wages; (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

50.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff seeks a judgment finding liability under the FLSA and entering the following relief on behalf of himself and all others similarly-situated:

A.     Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all

11

similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay in a manner consistent with this Court's rulings in *Hasan v. GPM Invs., LLC*, 896 F. Supp. 2d 145 (D. Conn. Aug. 27, 2012) and *Costello v. Home Depot USA, Inc.*, 944 F. Supp. 2d 199 (D. Conn. May 13, 2013);

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. Equitable tolling of the FLSA statute of limitations;

E. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

F. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G. An award of all allowable interest;

H.  An award of costs and expenses of this action together with reasonable attorney's fees, and an award of a service payment to the Plaintiff; and

I.  Such other and further relief as this Court deems just and proper.

Dated: April 19, 2018

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted,

**KLAFTER OLSEN & LESSER LLP**

*/s/ Fran L. Rudich*
Fran L. Rudich
Seth R. Lesser
Alexis H. Castillo (admitted *pro hac vice*)
Two International Drive, Suite 350
Rye Brook, NY 10573
T: (914) 934-9200
F: (914) 934-9220
E: Fran@klafterolsen.com
E: Seth@klafterolsen.com
E: Alexis.Castillo@klafterolsen.com

**HEAD LAW FIRM, LLC**
C. Andrew Head (admitted *pro hac vice*)
Donna L. Johnson (admitted *pro hac vice*)
Bethany A. Hilbert (admitted *pro hac vice*)
White Provision, Suite 305
1170 Howell Mill Road NW

                                                Atlanta, GA 30318
                                                T: (404) 924-4151
                                                F: (404) 796-7338
                                                E: ahead@headlawfirm.com
                                                E: djohnson@headlawfirm.com
                                                E: bhilbert@headlawfirm.com

*Plaintiff's Counsel*