# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ANTHONY BARONE, on behalf of himself and all others similarly situated,**<br><br>      Plaintiff,<br> -against-<br><br>**LAZ PARKING LTD, LLC,**<br><br>      Defendant. | Case No. 3:17-cv-01545-VLB<br><br>JULY 19, 2019 |

### JOINT MOTION FOR EXPEDITED TELEPHONIC STATUS CONFERENCE AND REQUEST TO POSTPONE SUBMISSION OF PROPOSED SCHEDULING ORDER

  The parties hereby jointly move the Court for a telephonic status conference at the Court's earliest convenience to discuss an issue that has arisen regarding Defendant's intention to file a motion to exclude those Assistant Managers who Defendant alleges have signed arbitration agreements with class action waivers from receiving notice. In addition, in the event that the parties are ultimately unable to reach mutual agreement on the content of the Notice of Collective Action and the process to be utilized in issuing same, the parties respectfully request that the conference also cover any such unresolved issues. Though the parties have been diligent in conferring about these issues, they have been unable to reach agreement.

  In light of these outstanding issues, the parties jointly agree that a request for an expedited setting of a telephonic status conference with the Court is the

appropriate next step, and have set forth briefly the outstanding issues below. In jointly filing this Motion, the parties are not waiving any substantive arguments on any of the issues noted below.

Additionally, because uncertainty has now arisen about when Notice will be issued in light of these outstanding issues, as well as about the size and scope of the conditionally certified collective, the parties have been unable to agree on a Proposed Second Phase Scheduling Order. Accordingly, as further discussed below, the parties request through this Motion that they be permitted to postpone the submission of a proposed scheduling order until after the opt-in period ends.

### A. LAZ's Anticipated Motion Regarding Who Receives The Court-Approved Notice And Request for an Expedited Briefing Schedule:

Per recently decided circuit case law, LAZ intends to request an order from the Court that those who have signed arbitration agreements should not receive notice of the collective action and seeks an expedited briefing schedule to do so. LAZ contends its motion is appropriate and disputes Plaintiff's objections to its filing, and has agreed to toll the statute of limitations during the time period during which this discrete notice issue will be decided by the Court so LAZ contends that there would be no potential harm to the putative collective.

Plaintiff's position is that the motion is barred as untimely under Local Rule 7(c), by procedural waiver, and by law of the case, requiring Defendant to comply with the Court's notice and the certification Order.

### B. Court-Approved Notice:

The parties have made substantial progress in limiting the issues that need to be raised to the Court regarding the Court-Approved Notice and the process for

issuing the Notice but just a few issues remain.

The parties are continuing to work on those issues and may be able to come to an agreement on these points prior to the telephonic status conference, but if they are unable to do so, the parties respectfully request to address those issues at a hearing and will submit briefs at least three (3) business day in advance of that hearing date, or promptly if the hearing is set on shorter notice.

C. <u>Proposed Scheduling Order:</u>

Finally, the parties jointly request that they be allowed to submit a proposed scheduling order after the opt-in period closes. Though the parties have been diligent in conferring about a joint scheduling order over the course of the last several weeks, too many issues remain potentially affecting when the opt-in period will begin and end and how many individuals will opt-in to the conditionally certified collective.

For example, the parties currently have prospective disputes as to what percentage of the opt-in plaintiffs may be served with written discovery and deposed, how long those depositions may last, and where the depositions will take place. Consequently, until the number of those who join the case is known and the parties work through these issues with the benefit of knowing that information, the parties believe it is premature and not judicially efficient to set deadlines for the second-stage discovery, dispositive motions and the like. Instead, the parties request that the Court modify the deadline to propose a joint schedule until 21 days after the opt-in period ends.

*     *     *

WHEREBY, the parties jointly request a telephonic status conference with the Court to discuss the outstanding notice issues articulated above, and respectfully request an expedited setting if the Court's schedule so allows, and that they be permitted to submit a proposed Scheduling Order 21 days after the opt-in period closes.

| | |
|---|---|
| **PLAINTIFFS,**<br>**KLAFTER OLSEN & LESSER LLP**<br><br>/s/_____<br>Fran L. Rudich<br>Fran@klafterolsen.com<br>Two International Drive, Suite 350<br>Rye Brook, NY 10573<br>T: (914) 934-9200<br>F: (914) 934-9220<br><br>**HEAD LAW FIRM, LLC**<br>/s/_____<br>C. Andrew Head<br>ahead@headlawfirm.com<br>White Provision, Suite 305<br>1170 Howell Mill Road NW<br>Atlanta, GA 30318<br>T: (404) 924-4151<br>F: (404) 796-7338 | **DEFENDANT,**<br>**JACKSON LEWIS, P.C.**<br><br>/s/_____<br>David R. Golder (ct27941)<br>David.golder@jacksonlewis.com<br>Allison P. Dearington (ct29277)<br>allison.dearington@jacksonlewis.com<br>Jackson Lewis P.C.<br>90 Statehouse Square, 8th Floor<br>Hartford, CT  06103<br>T: (860) 522-0404<br>F: (860) 247-1330 |