IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY BARONE, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　-against-<br><br>LAZ PARKING LTD, LLC,<br><br>　　　　　　　　　Defendant. | Case No. <u>3:17-cv-01545-VLB</u><br><br>October 9, 2020 |

**MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT IN FAVOR OF <u>PLAINTIFFS WHO ACCEPTED RULE 68 OFFERS OF JUDGMENT</u>**

On August 20, 2020, 59 of the 62 Plaintiffs in this certified FLSA collective action filed acceptances of Rule 68 Offers of Judgment (ECF No. 110). To date, the Clerk of Court has not entered judgment in favor of those 59 Plaintiffs on the accepted offers. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that the Court direct the Clerk of Court to enter judgment for those 59 Plaintiffs who have accepted Defendant's offers, so that they may receive the benefit of their bargain: entry of judgment upon acceptance, without additional delay and associated hardship.

Rule 54(b) expressly allows this Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). The Court may enter such partial judgment where "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an express determination that there is no just reason for delay." *Id.*

Courts in this Circuit have found that in circumstances identical to those here (where some, but not all, FLSA plaintiffs have accepted Rule 68 Offers of Judgment), all three Rule 54(b) requirements are met, and it is appropriate to enter final judgment pursuant to Rule 54(b) for those plaintiffs who have filed their accepted Offers of Judgment. *See, e.g., Greco v. Natow*, 2016 U.S. Dist. LEXIS 86065 (E.D.N.Y. June 30, 2016); *Colon v. Triboro Plumbing & Heating Corp.*, 2016 U.S. Dist. LEXIS 165226 (E.D.N.Y. Nov. 30, 2016). This is consistent with decisions from district courts in other Circuits. *See, e.g., Lorenzo v. Prime Communs., L.P.*, No. 5:12-CV-69-H-KS, 2017 U.S. Dist. LEXIS 182785, at *4 (E.D.N.C. Apr. 25, 2017).

In this case, the three criteria for entry of judgment on the accepted Rule 68 Offers of Judgment are easily met. First, there are multiple parties: 62 Plaintiffs, 59 of whom have filed accepted offers of judgment.

Second, the accepted offers represent a final determination of the claims of those 59 Plaintiffs, because they serve as the "ultimate disposition of an individual claim entered in the course of a multiple claims action." *See Roberson v. Paul Smith, Inc.*, 2011 U.S. Dist. LEXIS 16553, at *41 (E.D.N.C. Feb. 18, 2011) (entering Rule 54(b) judgments on Rule 68 offers accepted by some but not all FLSA plaintiffs) (*quoting Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980)). No further action or review is required by the Court before entering the judgments.[1]

---

[1] In *Mei Xing Yu v. Hasaki Rest., Inc.,* 944 F.3d 395, 414 (2d Cir. 2019), the Second Circuit further clarified that there is no need to conduct a fairness review under the FLSA before entering judgment on accepted Rule 68 offers, because judicial approval is not required for the "mandatory" entry of judgment on accepted Rule 68 Offers in FLSA cases.

**Finally, there exists no just reason for delay. Indeed, the only result of a continued delay would be to hold the judgments of those Plaintiffs who accepted Defendant's offered judgments "hostage to potentially protracted litigation" in which they will not participate.** *Colon*, **2012 U.S. Dist. LEXIS 165226 at \*4. Holding these judgments "hostage" is "exactly the sort of hardship and denial of justice through delay that Rule 54(b) was designed to eliminate."** *In re September 11 Litig.*, **2010 U.S. Dist. LEXIS 92908, \*27 (S.D.N.Y. July 23, 2010) (***quoting Ginett v. Computer Task Group, Inc.***, 962 F.2d 1085, 1097 (2d Cir. 1992)). As such, "courts in this circuit grant Rule 54(b) motions where some parties have settled their claims to facilitate consummation of the settlement and expedite distribution of settlement proceeds."** *Colon* **at \*3;** *see also Byrne v. Telesector Resources Group, Inc.*, **2007 U.S. Dist. LEXIS 60985, 2007 WL 2403721, at \*1 (W.D.N.Y. Aug. 20, 2007).**

**Finally, in light of the economic crisis that has gripped the United States in the wake of the ongoing Covid-19 pandemic, the hardship imposed by delaying entry of judgment triggering Defendant's obligation to pay the offered settlement amounts constitutes a more acute hardship than is typically considered. Courts deciding Rule 54(b) certification should consider "miscellaneous factors such as delay, economic and solvency considerations."** *Allis-Chalmers Corp. v. Phila. Elec. Co.*, **521 F.2d 360, 364 n. 11 (3d Cir. 1975) (***citing* **6 J. Moore, Federal Practice para. 54.41(3) (2d ed. 1974)). The equities of those considerations strongly favor the entry of judgment now on the filed acceptances.**

Plaintiffs therefore respectfully request that the Court direct the Clerk to enter judgment in favor of the 59 Plaintiffs who have filed their accepted Rule 68 Offers of Judgment in each Plaintiff's accepted amount, plus attorney's fees and costs to be determined by the Court following entry of those judgments.

**Dated: October 9, 2020**                **Respectfully submitted,**

                                            **KLAFTER OLSEN & LESSER LLP**

                                            */s/ Fran L. Rudich*
                                            Fran L. Rudich (Fed. Bar No. ct09487)
                                            Christopher M. Timmel*
                                            Two International Drive, Suite 350
                                            Rye Brook, NY 10573
                                            T: (914) 934-9200
                                            F: (914) 934-9220
                                            E: Fran@klafterolsen.com
                                            E: christopher.timmel@klafterolsen.com

                                            C. Andrew Head (Fed. Bar No. ct30869)
                                            Bethany A. Hilbert (Fed. Bar No. ct30860)
                                            HEAD LAW FIRM, LLC
                                            White Provision, Suite 305
                                            1170 Howell Mill Road NW
                                            Atlanta, GA 30318; and
                                            4422 N Ravenswood Ave
                                            Chicago, IL 60640
                                            T: (404) 924-4151
                                            F: (404) 796-7338
                                            E: ahead@headlawfirm.com
                                            E: bhilbert@headlawfirm.com

                                            *Attorneys for Plaintiffs*

                                            *\* pro hac vice admission pending*

## CERTIFICATE OF SERVICE

    I certify that on October 9, 2020, I electronically moved for Entry of Partial Judgment, which will automatically send email notifications to all counsel of record.

                                            */s/ Fran L. Rudich*
                                            Fran L. Rudich